1  GREGORY L. KIRAKOSIAN  (SBN 294580)
2  [greg@kirakosianlaw.com]
   **KIRAKOSIAN LAW, APC**
3  11684 VENTURA BLVD., SUITE 975
   STUDIO CITY, CALIFORNIA 91604
4  TELEPHONE: (213) 986-5389
   FACSIMILE:  (213) 477-2355
5
   *Attorneys for Plaintiff,*
6  HENRY MORALES

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9

10  HENRY MORALES,                         **Case No.:  5:25-cv-2013**

11              Plaintiff,                 **PLAINTIFF´S COMPLAINT FOR**
                                           **DAMAGES**
12
13        vs.                             1. Unlawful Search and Seizure (42
                                             U.S.C. § 1983);
14  COUNTY OF SAN BERNARDINO,             2. Excessive Force (42 U.S.C. § 1983);
    DEPUTY K. MULLINS, AND DOE           3. Malicious Investigation and
15  DEPUTIES 1-10,                           Prosecution (Violation of 42 U.S.C.
                                             § 1983);
16              Defendants,              4. Negligence;
17                                        5. False Arrest / Imprisonment;
                                          6. Battery;
18                                        7. Violation of the Bane Act (Cal. Civ.
19                                           Code § 52.1);

20

21                                        **DEMAND FOR JURY TRIAL**

22

23

24

25

26

27

28

**PLAINTIFF´S COMPLAINT FOR DAMAGES**

**KIRAKOSIAN LAW, APC**

## INTRODUCTION

1.      Plaintiff Henry Morales ("Plaintiff"), hereby files this Complaint for Damages against Defendants, the County of San Bernardino, Deputy K. Mullins (#J3474), and DOE Deputies 1-10. As discussed in further detail herein, this Complaint seeks compensatory and punitive damages against the Individual Deputies and the County of San Bernardino in connection to an unlawful search and seizure with the detention, use of excessive force that occurred on November 19, 2024, at approximately 3:15 PM, at or near the intersection of Mandan Road and Outer Highway 18, in the City of Apple Valley, County of San Bernardino. Plaintiff alleges that the Defendants´ conduct constituted or led to the violation of Plaintiff's Fourth Amendment rights and accompanying State law violations.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff´s claims arise under the laws of the United States, including the Constitution, the Fourth Amendment, and 42 U.S.C. § 1983.

3.      This Court has supplemental jurisdiction over Plaintiff´s State law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California, and because all Defendants reside in the County of San Bernardino, California.

5.      Defendant County of San Bernardino was timely served with a claim for damages on or about March 30, 2025, pursuant to California Government Code §§ 910 and 911, *et seq.*  The claim for damages was rejected on or about 45 days thereafter.  In accordance with Government Code § 945.6, Plaintiff hereby timely filed this Complaint within six months of the date of that rejection.

## PARTIES AND GENERAL ALLEGATIONS

6.    At all relevant times, the individual Plaintiff Henry Morales was residing in Norwalk, Connecticut.

7.    At all relevant times, Deputy Mullins and DOE Deputies 1-10 were individuals residing in the County of San Bernardino, California. Hereinafter, these Defendants will be referred to collectively as the "Individual Deputies."

8.    At all relevant times, the Individual Deputies were acting under the color of law within the course and scope of their employment and duties as agents for Defendant County of San Bernardino. At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino is vicariously liable for the acts, omissions and conduct of its employees.

9.    At all relevant times, Defendant County of San Bernardino is and was a governmental entity organized and existing under the laws of the State of California in the County of San Bernardino, California. Herein after, the Individual Deputies and County of San Bernardino will be collectively referred to as "Defendants".

10.    At all relevant times, County of San Bernardino is and was a chartered subdivision of the State of California with the capacity to be sued. County of San Bernardino is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees, including the Individual Deputies. At all relevant times, Defendant County of San Bernardino was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California, including the Individual Deputies.

11.    The true names and/or capacities of the Individual Deputies designated as DOES are unknown to Plaintiff at this time and therefore Plaintiff files this Complaint against said DOE Defendants by such fictitious names. Plaintiff will seek leave of Court to amend the Complaint to identify the true names and capacities of said DOE Defendants when their names are ascertained.

12.    Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times,   each Defendant is the agent, employee, alter ego, servant, successor-in-interest and/or joint venturer of each other defendant and that in doing the things herein alleged, each Defendant was acting within the course, scope, and authority of such agency, employment, service, successor-in-interest and/or joint venture.

13.    Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant is contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth herein. Plaintiff

14.    Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant acting as a employer or principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were consented to, ratified and/or authorized and confirmed by each other defendant.

15.    Plaintiff is informed and believes, and upon such information and belief, alleges that, the acts of each Defendant was fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff is informed and believes, and upon such information and belief, alleges that, the actions, failures to act, and breaches alleged herein are attributed to one or more Defendant was approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

KIRAKOSIAN LAW, APC

**KIRAKOSIAN LAW, APC**

## <u>SHORT STATEMENT OF INCIDENT</u>

16.    This Complaint seeks compensatory and punitive damages against the Individual Deputies and the County of San Bernardino in connection to an unlawful search and seizure with the detention, use of excessive force that occurred on November 19, 2024, at approximately 3:15 PM, at or near the intersection of Mandan Road and Outer Highway 18, in the City of Apple Valley, County of San Bernardino.

17.    At the time of the Incident, the Plaintiff was lawfully walking home. Plaintiff was not engaged in any unlawful behavior or any behavior that any reasonable person or deputy would believe could be unlawful behavior.

18.    Without any prior interaction or warning, Individual Deputies approached Plaintiff from behind and began issuing commands. The Individual Deputies ordered the Plaintiff to stop, sit on the curb, and remain in place. Although the Plaintiff knew he had done nothing wrong, he feared retaliation by the Deputy and chose to follow the command. At the same time, the Individual Deputies also detained another individual who had been walking nearby and placed that individual in the squad car.

19.    After approximately 15 minutes, the Individual Deputies called the Plaintiff over to the vehicle and demanded identification. Before handing over his identification, the Plaintiff asked for the reason behind the stop and began calmly asserting his constitutional rights. In response, the Individual Deputies smiled and said, "How about this way?"—then drew his firearm and pointed it directly at the Plaintiff's face.

20.    In fear for his life and in hopes to de-escalate and avoid being shot by a clearly unhinged Deputy, the Plaintiff raised his hands and stated that he would comply, verbally describing each movement as he slowly attempted to retrieve his wallet. Plaintiff was naturally extremely scared, nervous, and shaking. As he attempted to obtain his wallet, he accidentally dropped it on the ground while trying to hand it to the Individual Deputies. Deputy Mullins holstered his firearm and suddenly, without any reason or basis, tackled the Plaintiff to the ground and handcuffed him.

21.    While the plaintiff was restrained, the Individual Deputies climbed on top of him, placing one knee on his back and the other on his neck. The Individual Deputies then struck and ground the Plaintiff's head into the pavement. The Individual Deputies cut the Plaintiff's backpack open, lifted him off the ground, and forcibly placed him into the back of the patrol car, striking the Plaintiff's head against the vehicle's roof in the process.

22.    The Plaintiff was transported to a hospital in Victorville for medical clearance and then taken to jail, where he was held overnight on a "cite and release" basis. He was issued a citation for public intoxication, despite having undergone no blood or urine testing.

23.    Ultimately, Plaintiff was charged with Public Intoxication. The underlying criminal case, Case No. MVI24006556, was dismissed on 2/25/2025.

24.    As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and the violation of Plaintiff's State and Federal civil rights.

25.    For the conduct alleged above, Plaintiff hereby bring the following causes of action:

## FIRST CLAIM FOR RELIE

### Unlawful Search and Seizure in Violation of 42 U.S.C. § 1983

*(Plaintiff Against All Individual Deputies)*

26.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

27.    On November 19, 2024, the Individual Deputies stopped, searched, and seized the Plaintiff's person and property.

28.    The Individual Deputies searched and seized Plaintiff's person and property, and did so intentionally, in that the Individual Deputies acted with a conscious objective to search and seize Plaintiff.

KIRAKOSIAN LAW, APC

29.    Specifically, by means of force and a show of authority, the Individual Deputies commanded and ordered that the Plaintiff refrain from moving, leaving the location of the interaction, or going about his business.

30.    At all relevant times, the encounter was not a consensual encounter, but a search and seizure in which Plaintiff was not at liberty to ignore the police presence and go about Plaintiff´s business.

31.    At all relevant times before the Individual Deputies conducted the search and seizure, the Individual Deputies did not have a warrant to conduct the search and seizure.

32.    At all relevant times before and at the time the Individual Deputies conducted the search and seizure, the Individual Deputies did not have the express consent of Plaintiff to conduct the search and seizure.

33.    At all relevant times before, during, and after the Individual Deputies conducted the search and seizure, the Individual Deputies did not state any reason or basis as to why the seizure was needed, necessary, reasonable, or lawful.

34.    At all relevant times before the Individual Deputies conducted the seizure, the Plaintiff had not, did not, and was not about to commit any crime. Moreover, Plaintiff is informed and believes, and upon such information and belief, alleges that the Individual Deputies observed no facts or circumstances that would lead a reasonable law enforcement officer to believe that Plaintiff had, did, or was about to commit any crime.

35.    At all relevant times before the Individual Deputies conducted the seizure, the Plaintiff was not subject to a lawful arrest.

36.    At all relevant times before and at the time the Individual Deputies conducted the search and seizure, there was no lawful or justifiable basis that would justify the scope or length of the search and seizure.

37.    At all relevant times before and at the time the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual

PLAINTIFF´S COMPLAINT FOR DAMAGES

1   Deputies that would lead the Individual Deputies to believe that Plaintiff's might gain
2   possession of a weapon.

3       38.    At all relevant times before the Individual Deputies conducted the search
4   and seizure, there were no facts apparent to the Individual Deputies that would lead
5   the Individual Deputies to reasonably believe that Individual Deputies might destroy
6   or hide evidence.

7       39.    At all relevant times before the Individual Deputies conducted the search
8   and seizure, there were no facts apparent to the Individual Deputies that would lead
9   the Individual Deputies to reasonably believe that there were any exigent
10  circumstances where there was insufficient time to get a search warrant.

11      40.    When conducting the search and seizure, the Individual Deputies violated
12  Plaintiff's  rights to be secure against unreasonable searches and seizures as
13  guaranteed to Plaintiff under both State law and the Fourth Amendment to the United
14  States Constitution.

15      41.    The Individual Deputies conducted the search and seizure, as described
16  herein, and did so intentionally, in that it was their conscious objective to search and
17  seize Plaintiff.

18      42.    Based on the objective facts readily available and known to the Individual
19  Deputies, no reasonable conclusion could be drawn that Plaintiff had committed, was
20  committing, or was about to commit any crime.

21      43.    Based on the objective facts readily available and known to the Individual
22  Deputies, no reasonable conclusion could be drawn to conclude that the search and
23  seizure was reasonable or lawful under the circumstances.

24      44.    Although not required as proof of the unlawful search and seizure,
25  Plaintiff alleges that the Individual Deputies acted with either the knowledge and
26  intent to violate Plaintiff's civil rights, or with a reckless disregard that their
27  intentional actions would likely lead to the violation of Plaintiff's civil rights.

28

KIRAKOSIAN  LAW, APC

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

45.    Individual Deputies violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

46.    The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

47.    The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

48.    The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

49.    As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

50.    As described above, conduct and actions of the Individual Deputies deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

51.    Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

52.    The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

## SECOND CLAIM FOR RELIEF

### Excessive Force in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Deputies*)

53.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

54.    As alleged herein, on November 19, 2024, the Individual Deputies seized Plaintiff's person.  When doing so, the Individual Deputies did so with the use of unnecessary, unreasonable, and excessive force.  Specifically, the Individual Deputies intentionally and unlawfully touched and applied force to the plaintiff's person without consent.

55.    This force included but is not limited to: pointing a firearm at his face, tackling him to the ground, placing knees on his back and neck, grinding his head into the ground, and striking his head against the police vehicle.

56.    Said conduct was harmful and offensive and resulted in physical injuries, including but not limited to the loss of a front tooth, as well as emotional distress.

57.    At all relevant times, the Individual Deputies had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose people to reasonably foreseeable risks of injury, including, but not limited to, the use of excessive force that caused harm to Plaintiff.

58.    Neither the basis for the seizure nor the methods used to conduct the seizure were legal, justifiable, reasonable, or based on any reasonable or probable cause.

59.    At all relevant times and specifically at the time that force was used:

a.    The nature of the crime or other circumstances known to the Individual Deputies was not of the type that would lead a reasonable law enforcement officer to believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

KIRAKOSIAN LAW, APC

1        b.    The Plaintiff was not engaged in any conduct that would lead a

2  reasonable law enforcement officer to believe that Plaintiff posed an immediate threat

3  to the safety of the Individual Deputies or to others;

4        c.    The Plaintiff was not engaged in any conduct that would lead a

5  reasonable law enforcement officer to believe that Plaintiff were actively resisting

6  arrest or attempting to evade arrest by flight;

7        d.    The Individual Deputies had a reasonable amount of time that would

8  lead a reasonable law enforcement officer to determine that a less intrusive and less

9  excessive amount of force would accomplish the lawful objectives of the Individual

10  Deputies.

11        e.    No reasonable law enforcement officer would determine that the

12  amount of force used by the Individual Deputies was reasonable or necessary given

13  the need for the use of force;

14        f.    The Individual Deputies made no efforts to temper or limit the

15  amount of force used, and in fact, had equally effective and available alternative

16  methods to accomplish the lawful (or even unlawful) objectives of the Individual

17  Deputies;

18        g.    There was no ongoing criminal actions, violent actions, or security

19  problems that would lead a reasonable law enforcement officer to believe that the

20  amount of force used by the Individual Deputies was reasonable, lawful, necessary, or

21  justifiable;

22        h.    There were no officers or persons' lives which were at risk by the

23  circumstances or conduct by Plaintiff that would lead a reasonable law enforcement

24  officer to believe that the extent of the force used was reasonable, lawful, necessary,

25  or justifiable;

26        i.    It was practical for a reasonable law enforcement officer to give

27  warnings of an imminent intention to use such a degree of force, yet the Individual

28  Deputies failed to give such warning;

*KIRAKOSIAN LAW, APC*

**PLAINTIFF´S COMPLAINT FOR DAMAGES**

j.    There was no probable cause for a reasonable officer to believe that Plaintiff had engaged in any violent or threatening conduct, nor were the Individual Deputies responding to any calls arising from alleged violence.

60.    The Individual Deputies violated Plaintiff´s State and Federal civil rights by using excessive force when the Individual Deputies violently, recklessly, and needlessly escalated an encounter into one with the use of extreme physical force.

61.    No objective facts readily available and known to the Individual Deputies could have reasonably led a reasonable law enforcement officer to conclude that the use of force upon Plaintiff was reasonable, lawful, or justified.

62.    Further, the Defendants´ actions and use of force violated not only their training and standard police officer training, but common sense and human decency.

63.    Defendants´ unjustified excessive use of force deprived Plaintiff of rights to be secure against unreasonable use of force as guaranteed under State law and the Fourth Amendment of the United States Constitution.

64.    The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that Defendants´ conduct posed a significant risk of harm to Plaintiff.

65.    The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff´s State and Federal civil rights.

66.    The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

67.    The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

68.    As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff´s injuries, either because they were integral participants in causing damages and the violation of Plaintiff´s civil rights, or because they failed to intervene to prevent these violations.

**PLAINTIFF´S COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

69.    As described above, conduct and actions of the Individual Deputies deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

70.    Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff´s damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

71.    The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff´s rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff´s rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

## THIRD CLAIM FOR RELIEF

### Malicious Investigation and Prosecution in Violation of 42 U.S.C. § 1983

*(Plaintiff Against All Individual Deputies)*

72.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

73.    As described herein, the Individual Deputies stopped, searched, seized, arrested, and had Plaintiff charged with crimes, and did so intentionally, unreasonably, and without a lawful basis.

74.    Following the Incident, Plaintiff was charged with Public Intoxication. At all relevant times, prior to, during, and after the seizure and arrest of Plaintiff, the Individual Deputies knew that Plaintiff had not committed the crime of Public Intoxication, yet continued their investigation and preparation of reports to criminally charge and prosecute Plaintiff, despite their knowledge of his innocence, and were deliberately indifferent to Defendants´ innocence.

KIRAKOSIAN LAW, APC

75. Prior to and during the Incident, the Individual Deputies fabricated cause and investigated Plaintiff despite the fact that they knew that Plaintiff was innocent, or deliberately indifferent to Defendants´ innocence. Moreover, the results of the investigation were used to criminally charge and prosecute Plaintiff.

76. Prior to, during, and after the Incident, the Individual Deputies deliberately fabricated observations and evidence that the Individual Deputies used to initiate criminal charges and prosecution of Plaintiff.

77. The Individual Deputies engaged in deliberate efforts to cover up their own wrongful conduct by providing false statements and testimony, or authorizing or approving false reports, and/or aiding and abetting the preparation, authorization, or approval of false reports to maliciously charge and prosecute Plaintiff of crimes they knew that Plaintiff was innocent, or deliberately indifferent to Plaintiff´s innocence.

78. The underlying criminal case, Case No. MVI24006556, was resolved in Plaintiff´s favor and dismissed on 2/25/2025.

79. The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that Defendants´ conduct posed a significant risk of harm to Plaintiff.

80. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff´s State and Federal civil rights.

81. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

82. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

83. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff´s injuries, either because they were integral participants in causing damages and the violation of Plaintiff´s civil rights, or because they failed to intervene to prevent these violations.

84.     As described above, conduct and actions of the Individual Deputies deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

85.     Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

86.     The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

## FOURTH CLAIM FOR RELIEF

### Negligence

### (*Plaintiff Against All Defendants*)

87.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

88.     At all relevant times, the Individual Deputies  had a duty to use reasonable care in their interaction with the Plaintiff and to ensure he is free from foreseeable risks of harm and not to expose him to reasonably foreseeable risks of injury, including, but not limited to, causing harm to Plaintiff as alleged herein.

89.     As described herein, the Individual Deputies breached that duty of care owed to the public and to the Plaintiff by failing to act with the requisite care required and engaging in the violation of Plaintiff's State and Federal claims as set forth in further detail herein.

90.   The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that their conduct posed a significant risk of harm to Plaintiff´s.

91.   Based on the objective facts readily available and known to the Individual Deputies, no reasonable conclusion could be drawn to conclude that the search and seizure was reasonable or lawful under the circumstances.

92.   Individual Deputies violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

93.   The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff´s State and Federal civil rights.

94.   The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

95.   The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

96.   As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff´s injuries, either because they were integral participants in causing damages and the violation of Plaintiff´s civil rights, or because they failed to intervene to prevent these violations.

97.   At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

/ / /

**PLAINTIFF´S COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

# FIFTH CLAIM FOR RELIEF

## False Arrest / Imprisonment

### (*Plaintiff Against All Defendants*)

98. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

99. As described in detail herein, the Individual Deputies searched and seized Plaintiff´s person and property, and did so intentionally, in that the Individual Deputies acted with a conscious objective to search and seize Plaintiff.

100. At all relevant times, the encounter was not a consensual encounter, but a search and seizure in which Plaintiff was not at liberty to ignore the police presence and go about Plaintiff´s business.

101. Individual Deputies violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

102. As described in further detail herein, the Individual Deputies intentionally deprived Plaintiff of his freedom of movement that Plaintiff did not knowingly or voluntarily consent.

103. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff´s State and Federal civil rights.

104. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

105. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

106. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff´s injuries, either because they were integral participants in causing damages and the violation of Plaintiff´s civil rights, or because they failed to intervene to prevent these violations.

KIRAKOSIAN LAW, APC

107.  At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

108.  The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff´s rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff´s rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

## SIXTH CLAIM FOR RELIEF

### Battery

### (*Plaintiff Against All Defendants*)

109.  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

110.  As alleged herein, on November 19, 2024, the Individual Deputies seized Plaintiff´s person.  When doing so, the Individual Deputies did so with the use of unnecessary, unreasonable, and excessive force.  Specifically, the Individual Deputies intentionally and unlawfully touched and applied force to the plaintiff's person without consent.

111.  This force included pointing a firearm at his face, tackling him to the ground, placing knees on his back and neck, grinding his head into the ground, striking his head against the police vehicle, and cutting his backpack apart.

112.  Said conduct was harmful and offensive and resulted in physical injuries, including the loss of a front tooth, as well as emotional distress.

**PLAINTIFF´S COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

113.  At all relevant times, the Individual Deputies had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose such person to reasonably foreseeable risks of injury, including, but not limited to, the use of excessive force that caused harm to Plaintiff.

114.  Neither the basis for the seizure nor the methods used to conduct the seizure were legal, justifiable, reasonable, or based on any reasonable or probable cause.

115.  The Individual Deputies violated Plaintiff´s State and Federal civil rights by using excessive force when the Individual Deputies violently, recklessly, and needlessly escalated an encounter into one with the use of extreme physical force.

116.  No objective facts readily available and known to the Individual Deputies could have reasonably led a reasonable law enforcement officer to conclude that the use of force upon Plaintiff was reasonable, lawful, or justified.

117.  Further, the Individual Deputies actions and use of force violated not only their training and standard police officer training, but all common sense and human decency.

118.  Defendants´ unjustified excessive use of force deprived Plaintiff of rights to be secure against unreasonable use of force as guaranteed under State law and the Fourth Amendment of the United States Constitution.

119.  As described in further detail herein, the Individual Deputies intentionally made physical and offensive contacts toward Plaintiff which he did not consent.

120.  The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff´s State and Federal civil rights.

121.  The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

122.  The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

123.  As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

124.  At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

125.  The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

## SEVENTH CLAIM FOR RELIEF

### Violation of the Bane Act

(*Plaintiff Against All Defendants*)

126.  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

127.  California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (including by violating a person's rights against unlawful searches and seizures, excessive force, and other civil rights violations enumerated herein).

128. Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

129. The Bane Act, the California Constitution and California common law prohibit the use of excessive force, wrongful detention and arrest, and other civil rights violations by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. The Individual Deputies violated Plaintiff´s State and Federal rights as described in detail herein, all of which acts were done intentionally and with a reckless disregard for Plaintiff´s rights.

130. The conduct of the Individual Deputies was a substantial factor in causing the harm, losses, injuries, and damages of Plaintiff as described herein.

131. Defendant Individual Deputies, while working as police officers for the County of San Bernardino, and acting within the course and cope of their duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

132. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff´s State and Federal civil rights.

133. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

KIRAKOSIAN LAW, APC

134.  The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

135.  As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff´s injuries, either because they were integral participants in causing damages and the violation of Plaintiff´s civil rights, or because they failed to intervene to prevent these violations.

136.  At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

137.  The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff´s rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff´s rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

138.  Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff´s damage in a sum to be proved at trial and recoverable pursuant to California Civil Code, Section 52.1 et seq.

/ / /

KIRAKOSIAN LAW, APC

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Henry Morales hereby demands a jury trial on all causes of action and prays for relief and judgment against County of San Bernardino and its Individual Deputies as follows:

1. For past and future general damages in an amount to be determined by proof at trial;

2. For past and future special damages in an amount to be determined by proof at trial;

3. For punitive and exemplary damages against the Individual Deputies;

4. For reasonable attorneys' fees and costs as provided by statute;

5. For all penalties  and other special damages as allowable by law;

6. For costs of suit incurred herein;

7. For interest; and

8. For such other and further relief as the Court deems just and proper.


Date:  August 3, 2025                    **KIRAKOSIAN LAW,  APC**


By _____
          GREG L. KIRAKOSIAN
          RAFFI S. BATANIAN
          *Attorneys for Plaintiff,*
          HENRY MORALES

KIRAKOSIAN  LAW, APC

**PLAINTIFF'S COMPLAINT FOR DAMAGES**